RECEIVED
AUG 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUIS VERNON JACKSON, Plaintiff | CIVIL ACTION NO. 1:16-CV-1130; SECTION "P" |
| VERSUS | JUDGE DRELL |
| PILGRIMS PRIDE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Louis Vernon Jackson (#518656), filed on August 2, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on August 8, 2016. (Doc. 4). Plaintiff is a pretrial detainee at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. Plaintiff names as defendants Pilgrim's Pride Corporation and its manager, Betty Hardison. Plaintiff complains that the defendants were negligent and violated his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that, on April 29, 2014, he arrived at Pilgrim's Pride to return to work. However, Betty Hardison called Plaintiff and advised that he could not return to work until his pending criminal investigation was complete. Plaintiff complains that he was suspended from work without written notice.

## Law and Analysis

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. Id. at 937.

There is no evidence that either Pilgrim's Pride Corporation, a private corporation, or its manager, a private citizen, are state actors. Plaintiff's suspension from his employment is not fairly attributable to the state. Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Thus, Plaintiff's § 1983 complaint is frivolous.

Plaintiff also alleges negligence by the defendants. To the extent that Plaintiff seeks to hold defendants liable under Louisiana law, his claim should be dismissed. Pursuant to Louisiana law, Plaintiff had one year from the date of the negligent action, April 29, 2014, within which to file suit. See La. Civ. Code art. 3492. Plaintiff's complaint was filed on August 2, 2016. Thus, the negligence claim is prescribed.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24 day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge